HOOD, Judge.
Plaintiff, John N. Houston, individually and as Administrator of the estate of his minor son, instituted this suit for damages for personal injuries sustained by him and by his son in a three-car motor vehicle collision. One of the vehicles involved in the collision was being driven by Paul Bearb, and this suit was instituted against The Millers Mutual Fire Insurance Company of Texas, liability insurer of the Bearb vehicle. The defendant answered and filed a third-party petition against Forrestier Alleman, the driver of another vehicle which was involved in the accident. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
This suit was consolidated for trial and appeal with a companion suit arising out of the same accident, instituted by Mrs. Veronica C. Landry, a passenger in the Houston vehicle, against the same defendant. We are rendering judgment in both of these consolidated cases today. See Landry v. Millers Mutual Fire Insurance Company of Texas, 228 So.2d 491.
The trial judge concluded that defendant’s insured, Bearb, was free from negligence, and that the sole proximate cause of the accident was third party defendant Alleman’s negligence in entering the highway from a private driveway directly in front of the approaching Bearb car. The principal issue presented on this appeal is whether the trial judge erred in reaching that conclusion.
The accident occurred about 8:00 p. m. on October 31, 1965, on U. S. Highway 90, in Lafayette Parish. The highway at that point is a two-lane, straight, level, hard-surfaced thoroughfare, running east and west. The weather was clear and dry and visibility was good when the collision occurred. A private driveway enters the highway from the south near the point where the collision occurred.
The Bearb automobile was being driven west and the Houston car was being driven east on the highway when the accident occurred. Immediately prior to that time, Alleman drove his pickup truck north on the above-described private driveway, towards its junction with Highway 90. Upon reaching the highway, Alleman drove onto it, turned to his left and travelled a short distance west on that thoroughfare before the right rear bumper of his truck was struck by the left front part of the Bearb vehicle. The impact caused the Alleman truck to vear or to be knocked to its left, into the south lane of traffic, and to collide with the eastbound Houston car.
The trial judge found that -the collision occurred at a point 54 feet west of the private driveway from which Alleman had just emerged. He also found that the Alleman pickup truck entered the highway directly in front of the Bearb vehicle, when the latter was only 50 feet from it. Plaintiff contends that the trial judge erred in reaching both of those factual conclusions. He takes the position that the point of impact was 126 feet west of the driveway *490 from which Alleman emerged, and that Bearb must have been at least 795 feet east of that driveway when the Alleman truck first entered the highway.
There is no question as to the point on the highway where the collision occurred. The dispute as to the distance which Alle-man traveled between the time he entered the highway and the time of the collision arises because of some uncertainty as to which of two driveways he was using as he approached the main thoroughfare. A “horseshoe” or semicircular driveway was located east of the site of the accident, both ends of which joined or provided access to the highway. Plaintiff contends that Alle-man was traveling on the easternmost prong of that driveway as he entered the highway, and that he traveled a distance of about 126 feet before the collision occurred. Defendant contends that Alleman entered the highway from the western end of the horseshoe driveway, and that he thus traveled only 54 feet before he was struck.
Alleman and his wife testified that they emerged from the easternmost exit of the driveway, and drove a distance of from 115 to 150 feet west on the highway before he was struck. There is substantial evidence, however, tending to show that he was using the west exit. Bearb stated that Alleman traveled only 50 or 51 feet on the highway before he was struck. Plaintiff Houston, despite the position he takes here, estimated that Alleman traveled a distance of from 50 to 75 feet between the time he entered the highway and the time he was struck. The State Trooper who investigated the accident talked to the drivers at the scene shortly after it occurred, and he determined from that investigation that Alleman entered the highway at a point 54 feet east of the place where the collision occurred. He measured the distance at that time, apparently without any protest from the drivers. The trial judge carefully analyzed all of the evidence in his excellent reasons for judgment, and he obviously accepted the statements of the last named witnesses. We cannot say that he erred in doing so. Our conclusion is that the Bearb automobile struck the Alleman truck at a point 54 feet west of the point where Alleman entered the highway.
Plaintiff’s argument that Bearb was several hundred feet from the driveway when Alleman entered it is based largely on the testimony of Alleman, and upon mathematical computations as to the distance which Bearb must have traveled after Alleman proceeded into the highway.
Alleman’s testimony is that he stopped when he reached the highway, and that while stopped he saw Bearb’s car approaching from his right about one-quarter of a mile away. He then looked to his left and saw the Houston car approaching about the same distance from him. He stated that he then entered the highway and was struck by the Bearb car shortly thereafter. Plaintiff Houston testified that he was from 400 to 500 feet from Alleman when the latter proceeded into the highway. Bearb stated that he was about 150 or 175 feet from the driveway when he saw Alle-man pull up to stop at the highway, and that he was “fifty feet or less” from that junction when Alleman pulled out in front of him. Elmo Foreman, who was driving a vehicle following Bearb, estimated that Bearb was about 50 feet from the driveway when Alleman entered the highway, and William Girouard, a passenger in Foreman’s car, felt that Bearb was about 70 feet from the driveway at that time. The testimony thus is convincing that Bearb was very close to the driveway when Alleman emerged from it.
The mathematical computations made by plaintiff are based on assumptions as to the speed and the distance which Alleman must have traveled just before the first collision occurred, and an assumption that Bearb was traveling at the maximum speed limit during all of that time. Plaintiff urges us to accept these computations in preference to the testimony of the above named witnesses.
*491 The speed limit on U. S. Highway 90 at that point was 45 miles per hour. The evidence shows that Bearb was driving within that speed limit. He testified that he applied his brakes immediately after Alle-man entered the highway, and the evidence shows that his automobile left 45 feet of skid marks on the pavement. He apparently was traveling at a slow rate of speed when the collision occurred, because the Bearb car was brought to a stop within a distance of about five feet after it struck the Alleman truck. We have reviewed the evidence and have concluded, substantially as did the trial judge, that Alleman entered the highway when the Bearb vehicle was within 50 to 100 feet of the point where the entrance was made. The evidence indicates that Bearb did everything he could to avoid an accident after he saw Alleman enter the highway directly in front of him.
Plaintiff contends, finally, that Bearb was intoxicated at the time the accident occurred. The evidence shows that Bearb had consumed from three to five bottles of beer during the afternoon and evening immediately prior to the time the accident occurred, and that he had eaten a meal during that period. The investigating officer talked to Bearb at the scene of the accident and felt that he was not intoxicated. No one who saw Bearb at that time testified that they considered him to be under the influence of intoxicating liquors. The trial judge concluded that he had consumed a total of three bottles of beer during that afternoon and evening, and that he was not intoxicated. We agree with that conclusion. We also feel that even if Bearb should have been under the influence of intoxicants, that was not a proximate cause of the accident, since the evidence shows that he exercised reasonable care in attempting to avoid a collision.
In our opinion the trial judge correctly held that the sole proximate cause of the accident was Alleman’s negligence in entering the highway directly in front of the approaching Bearb vehicle, and that Bearb was free from negligence. We thus find no error in the judgment rendered by the trial court rejecting plaintiff’s demands against Bearb’s insurer.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.